CONCURRING STATEMENT BY
LALLY-GREEN, J.:
¶ 1 While the analysis of the esteemed majority is thorough and well-reasoned, I respectfully concur.
¶ 2 This case involves a third party gestational carrier, Appellee, who unilaterally took triplets home from the hospital after their birth in flagrant defiance of the wishes of Appellant, the biological father. Following extensive litigation over custody, the trial court initially ordered shared legal custody of the children, primary physical custody to the gestational carrier, and child support. In an appeal from that order, this Court held that the gestational carrier lacked standing to pursue custody or child support and vacated the orders. J.F. v. D.B., 897 A.2d 1261 (Pa.Super.2006).
¶ 3 Appellant then filed a complaint seeking to recover all child support payments he made to Appellee pursuant to the vacated order. The trial court denied Appellant’s motion for restitution. The esteemed majority would affirm because the support payments Appellant made satisfied Appellant’s legal and moral duty as a parent to provide financial support for his children. The majority reasoned that, regardless of the void support order, Appellant had a duty to support the triplets and, therefore, he could not recover the support he had paid pursuant to the vacated support order.
¶ 4 Appellant argues that he has no duty to support the children under the void *724 (vacated) support order.[2] I agree. Yet, I also agree with the majority that Appellant has a moral and a statutory duty to reasonably support his children.
¶ 5 Thus, the question becomes what is the reasonable amount of support in unique circumstances such as these when no authority existed for the original support order. Appellant claims he is entitled to a reimbursement of the whole amount he had paid in support to Appellee. He does not argue that he paid an unreasonable amount in support. He does not argue that Appellee improperly used the support monies and should reimburse Appellant for the amount of improper use.
¶ 6 The majority is correct that Appellant is not entitled to a return of the entire amount. On the other hand, a claim of “unreasonableness” or “inappropriate use” should be permitted in circumstances such as these should the facts support such claims. Here, Appellant points to no such facts that would support such claims.
¶ 7 For the foregoing reasons, I respectfully concur.

. The cases that deal with a parent seeking reimbursement for child support payments made pursuant to a vacated order do not involve an improper taking of the father’s children by a surrogate. Here, the surrogate mother took the triplets without parental or legal or judicial authorization. In a sense, she kidnapped them. The court had no authority to issue those orders and, thus, they were void. Thus, the case law that might apply in other vacated support order cases does not apply here.
Likewise, the applicability of the Divorce Code to this situation is in doubt, since Appellant and Appellee were never married and never held themselves out as being married.